IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE M. ADKINS, | § | |
| | § | No. 581, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1411014640 |
| | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 28, 2016
Decided: September 29, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

### O R D E R

This 29th day of September 2016, it appears to the Court that:

(1)    In August 2015, following a one-day trial, a Superior Court jury convicted defendant-appellant, Tyrone M. Adkins of three counts of Drug Dealing (Heroin).  On October 9, 2015, the Superior Court sentenced Adkins to a total of twenty years at Level V incarceration.  This is Adkins's appeal.

(2)    The sole issue on this appeal is whether the Superior Court was within its discretion to overrule an objection to the testimony of an undercover police officer about the circumstances of the crimes with which the defendant was charged.  Defendant Adkins argues that the Superior Court had to apply Delaware

Rule of Evidence 404(b) because the officer testified that Adkins "shorted him" in the amount of heroin he delivered. As the Superior Court found, the officer was testifying about the very transactions that formed the basis for the charges against the defendant, and the testimony about shorting went to the amount of the heroin the officer received. Not only that, the State was not using the testimony for any purpose implicating Rule 404(b). Finally, it is impossible for us to fathom how testimony that Adkins delivered less heroin than he was supposed to would have led the jury to convict him improperly, and thus the admission of this evidence, even if improper, was harmless.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice